```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
```

JOHNNIE STANLEY,

    Plaintiff,                       Case No. 2:15-cv-12269

v.                                    HONORABLE STEPHEN J. MURPHY, III

U.S. DEPARTMENT OF JUSTICE, et al.,

    Defendants.
                                         /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION [32], AND MOTION TO CONSOLIDATE [33]**

    The Court dismissed with prejudice Plaintiff Johnnie Stanley's civil suit over a year ago because he was barred from proceeding in forma pauperis under the Prison Litigation Reform Act, a court had previously addressed his claims for relief, and a prior court had enjoined him from filing. ECF 20. After the Court issued judgment, Stanley continued to file motions. Most recently, he filed a motion for reconsideration, ECF 32, and a motion to consolidate pursuant to Federal Rule of Civil Procedure 42(a), ECF 33. These motions are the latest in Stanley's futile 10-year quest "to seek relief where none exists." *Stanley v. Liebson*, Case No. 2:09-cv-12202 (E.D. Mich. May 4, 2011) (Order Denying Motion For Leave, ECF No. 59).

    Stanley has three strikes under the Prison Litigation Reform Act. *Stanley v. Collins*, No. 2:04-cv-71098 (E.D. Mich. 2004) (order of summary dismissal entered April 7, 2004); *Stanley v. Hand, et al.*, No. 2:07-cv-13114 (E.D. Mich. 2008) (order sua sponte dismissing case); and *Stanley v. Leibson, et al.*, No. 2:09-cv-12202 (E.D. Mich. 2012) (*see* ECF 33, order striking filings after case closed and prohibiting further filings). Also, a prior court addressed—and rejected as frivolous—his claims for relief. *Stanley v. Leibson, et al.*, No.

2:09-cv-12202 (E.D. Mich. 2012). Moreover, a prior court's order bars Stanley from filing any further papers with the Court related to his complaint. *See* ECF 20, 27 *(*enforcing prior court's injunction).

As the Sixth Circuit noted, "[t]here is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). Federal district courts have "the authority to enjoin harassing litigation under [their] inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)." *Wrenn v. Vanderbilt Univ. Hosp.*, 50 F.3d 11 (6th Cir. 1995) (unpublished table decision); *see also In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984) (holding that courts have a "constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions"); *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) ("[T]he right of access to the courts is neither absolute nor unconditional[.]").

To exercise their inherent authority, federal courts may "'impose carefully tailored restrictions' upon 'abusive litigants.'" *Scott v. Bradford*, No. 13-12781, 2014 WL 6675354, at \*3 (E.D. Mich. Nov. 25, 2014) (quoting *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986)). Although a plaintiff may not be "absolutely foreclosed from initiating an action in a court of the United States," district courts may "require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed." *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996).

Here, the Court has imposed a prefiling restriction on Stanley because "he has an extensive history of frivolous filings with the Court and he lacks the potential to make an effective argument regarding this issue." *Stanley v. Liebson*, Case No. 2:09-cv-12202 (E.D.

2

Mich. May 4, 2011) (Order Denying Motion For Leave, ECF 59). Stanley must seek permission from the Court prior to filing. Yet Stanley did not seek—and the Court did not grant—permission to file his latest motions. Accordingly, the Court will dismiss Stanley's motions without prejudice.

**WHEREFORE** it is hereby **ORDERED** that Stanley's motion for reconsideration [32] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Stanley's motion to consolidate [33] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that any future filings by Stanley shall be made pursuant to a court order seeking leave to file and shall be accompanied by a copy of the present order. The Clerk's Office is directed to reject any filing by Stanley which does not comply with these instructions. The district court will review Stanley's filings and shall certify whether or not the filing has been made in good faith. If the district court determines that the filing is not made in good faith, the Clerk's Office is directed to return the material to Stanley unfiled.

**SO ORDERED.**

Dated: April 21, 2017

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Court Judge

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 21, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager

3